C. P. Evans v. Commissioner. Fay Evans v. Commissioner.
Evans v. Commissioner
Docket Nos. 4911, 4912.
United States Tax Court
1946 Tax Ct. Memo LEXIS 174; 5 T.C.M. (CCH) 438; T.C.M. (RIA) 46125; May 29, 1946
*174 H. E. Kleinecke, Jr., Esq., 903 Medical Arts Bldg., Galveston, Tex., for the petitioners. Stanley B. Anderson, Esq., for the respondent. HARRON Supplemental Findings of Fact HARRON, Judge: Under motion of petitioners filed on May 23, 1946, petitioners have requested this Court to make further findings of fact to supplement the findings of fact made in the Memorandum Findings of Fact and Opinion entered on April 26, 1946 Some of the facts in these proceedings have been agreed to by the parties under a stipulation of facts which, it was stated in the report entered on April 26, 1946, have been incorporated in the entirety in the findings of fact which have been made. However, although the facts as stipulated have been made part of the findings of fact which have been entered, counsel for the petitioners pray for further findings to clarify some of the facts which have been found. The following supplemental findings of fact are, therefore, made: 1. Petitioners have a fifth child, a daughter, Mrs. James H. Wooten, who is five years older than their second daughter, and from whom petitioners were estranged in 1941. 2. Each of petitioners' four children filed donees' *175 returns, on form 710, on March 15, 1942, and reported a 12 percent interest in the community property partnership of the C. P. Evans Food Stores, Galveston, Texas, as of October 6, 1941, excluding real estate, in an aggregate value of $42,000 as gifts received from their parents. 3. On March 15, 1942, each petitioner filed a gift tax return, on form 709, for the year 1941, and reported a 6 percent interest in the community property partnership of the C. P. Evans Food Stores, Galveston, Texas, as of October 6, 1941, excluding real estate, to each of their four children in an aggregate one-half community value of $84,000, and paid a gift tax thereon of $891. Subsequent thereto the Commissioner of Internal Revenue determined that there should be included in the value of the reported gifts the value of intangible assets, good will or the demonstrated earning capacity of the business as a going concern, and that the book value of the reported four gifts as originally returned should be increased by $96,448.06 to $264,448.06 to include in the value of the reported gifts, the value of intangible assets, good will or the demonstrated earning capacity of the business as a going concern. The *176 valuation of the reported four gifts at a value of $264,448.06 was determined as follows: Average net earnings for five years
prior to January 1st, 1942
$ 66,097.08
Allowance of return of ten percent
upon the average tangible assets
for the same period of $373,923.03
37,392.30
Surplus earnings available for return
upon the value of intangible assets
$ 28,704.78
Said surplus earnings of $28,704.78
capitalized upon the basis of 7
years' purchase
$200,933.46
Book value of tangible assets
350,000.00
Total value of business
$550,933.46
48 percent applicable to reported
gifts
$264,448.06
This said increase in the value of the four reported gifts resulted in a deficiency gift tax liability of petitioners for the year 1941 of $4,282.87, each, which amounts petitioners subsequently paid.